[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #114
The plaintiff in this action alleges that he contracted with the defendant to be a sales representative, and was to receive a 5% commission on sales made. The plaintiff alleges that he provided numerous purchase orders for the defendant's product and that he has not been paid the commissions due him.
The complaint is in three counts. The first count alleges breach of contract; the second count claims unjust enrichment; and the third count alleges a violation of the Connecticut Unfair Trade Practices, Act (CUTPA).
The defendant has moved to strike the third count of the complaint claiming a CUTPA violation because there is no consumer relationship between the parties. The plaintiff opposes the motion to strike asserting that he has alleged facts sufficient to state a cause of action pursuant to CUTPA. The court agrees with the defendant.
The Supreme Court, in McLaughlin Ford, Inc. v. Ford Motor Co.,192 Conn. 558, 567 (1984), a case cited by both parties, stated: "In order to prevail in a cause of action under CUTPA, the facts proved by the evidence must establish either `unfair methods of competition, [or] unfair or deceptive acts or practices', which `have a potential effect on the general consuming public.'"
The allegations of the third count do not involve a consumer relationship between the parties nor do they allege unfair methods of competition. This case, simply stated, is one involving a claim of breach of contract between a company and a sales representative and, in the court's opinion, does not involve the type of scenario CT Page 2302 envisioned by the legislative in acting CUTPA.
The motion to strike the third count of the complaint is therefore granted.
Thompson, J.